[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 15, 2006
THOMAS  K. KAHN
CLERK

No. 05-11759
Non-Argument Calendar

_____

D. C. Docket No. 05-00187-CV-ORL-31-KRS

MICHAEL E. HOWARD,

Plaintiff-Appellant,

versus

WAL-MART,
BRYAN KREBS,
DUSTIN SHARRICK,
RODNEY JEFFERSON,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(March 15, 2006)**

Before TJOFLAT, DUBINA and HULL, Circuit Judges.

PER CURIAM:

This case was initiated by appellant in the Circuit Court for Volusia County, Florida, after he pled guilty to criminal charges arising out of his theft of some radar detectors from a Wal-Mart store on December 8, 2003. His complaint contains federal constitutional and Florida statutory claims against Wal-Mart and Wal-Mart employees involved in his apprehension. Given the presence of the federal constitutional claims, the defendants removed the case to the district court, pursuant to 28 U.S.C. § 1331, and filed a motion to dismiss complaint for failure to state a claim for relief. Appellant responded by moving the court to remand the case to state court on two grounds: (1) the defendants had not asserted a basis for removing the case, which, in his view, contains only state law claims, and (2) their removal was untimely.

The district court denied appellant's motion to remand, concluding that the case was removable because some of appellant's claims appeared to be based on federal constitutional law. At the same time, the court granted the defendants' motion to dismiss.[1] Appellant now appeals the court's rulings.

We instructed the parties to address the following issue in their briefs: "Whether the district court properly denied [appellant's] motion for remand to the

_____

[1] The court granted appellant leave to file an amended complaint, but he chose not to do so.

2

state court?"

A defendant may remove to federal court a civil action brought in state court provided that the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). District courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

To decide if a complaint states a claim "arising under the Constitution, laws, or treaties of the United States," the district court must consider the way that the complaint is drawn. See Bell v. Hood, 327 U.S. 678, 681, 66 S.Ct. 773, 775, 90 L.Ed. 939 (1946). "For to that extent the party who brings a suit is master to decide what law he will rely upon, and does determine whether he will bring a suit arising under the (Constitution or laws) of the United States by his declaration or bill." Id. (quotation and alteration omitted). Therefore, where a complaint "is so drawn as to seek recovery directly under the Constitution or laws of the United States," the district court maintains jurisdiction unless (1) "the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction" or (2) "where such a claim is wholly insubstantial and frivolous." Id. at 681-83, 66 S.Ct. at 776. "Under the latter Bell exception, subject matter jurisdiction is lacking only if the claim has no plausible foundation, or if the court concludes that a prior Supreme Court decision

3

clearly forecloses the claim." Blue Cross & Blue Shield of Ala. v. Sanders, 138 F.3d 1347, 1352 (11th Cir. 1998) (quotations omitted); see also McGinnis v. Ingram Equip. Co., 918 F.2d 1491, 1494 (11th Cir. 1990) (en banc) ("The test of federal jurisdiction is not whether the cause of action is one on which the claimant can recover. Rather, the test is whether the cause of action alleged is so patently without merit as to justify . . . the court's dismissal for want of jurisdiction.").

The federal constitution does not protect against injuries by purely private individuals – that is, individuals who cannot be considered as acting for state or local government. See, e.g., Lyes v. City of Riviera Beach, 166 F.3d 1332, 1348-49 (11th Cir. 1999) ("The Equal Protection Clause . . . is a guarantee of protection against unjust state action; it does not reach the conduct of private individuals."); Jeffries v. Ga. Residential Fin. Auth., 678 F.2d 919, 922 (11th Cir. 1982) (explaining that "the fourteenth amendment proscription against deprivations of property without due process of law reaches only government action and does not inhibit the conduct of purely private persons in their ordinary activities."). In the complaint before us, the defendants appear as purely private actors; hence, nothing they allegedly did could have constituted a violation of the federal constitution. Appellant's constitutional claims are insubstantial and frivolous; consequently, the district court lacked original jurisdiction over his case. See Bell, 327 U.S. at 682-

4

83, 66 S.Ct. at 776; <u>Blue Cross & Blue Shield</u>, 138 F.3d at 1352.   We therefore vacate the district court's judgment and remand the case with the instruction that the court enter an order remanding the case to the Circuit Court of Volusia County.

SO ORDERED.